RUTH *et al.* v. MERRILL.

No. 6201.   Opinion Filed November 17, 1914.

(144 Pac. 371.)

**MUNICIPAL CORPORATIONS**—Referendum Petition—Decision of City Clerk—Appellate Jurisdiction.   For the reason that an act approved March 17, 1910 (Sess. Laws 1910, c. 66), in effect repealed that part of section 6 of an act approved April 16. 1908 (Sess. Laws 1907-08, c. 44, art. 1) vesting the district court with jurisdiction to entertain appeals from the action of the city clerk in all cases where the initiative or referendum is invoked upon matters of municipal concern, the district court was without jurisdiction to entertain an appeal from the action of the city clerk rejecting a petition in which the referendum was invoked in a matter of purely municipal concern, and this, too, although section 6 was made a part of the city charter adopted subsequent to said repeal.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Appeal by Charles H. Ruth and others from the decision of the city clerk of Oklahoma City that a petition styled "Municipal Initiated Petition No. 1" did not contain the requisite number of signers to warrant calling the election as prayed. The district court dismissed the appeal, and Ruth and others bring error. Affirmed.

*Charles H. Ruth,* for plaintiffs in error.

*Hill Anglea* and *Sam Hooker,* for defendant in error.

TURNER, J.   On August 13, 1913, Charles H. Ruth, plaintiff in error, filed with the city clerk of Oklahoma City a copy of a petition proposed to be circulated within the municipality, said petition being styled "Municipal Initiated Petition No. 1." On October 13, 1913, said Ruth filed with the said clerk and mayor of said city the original petition, purporting to contain the signatures of 1,998 qualified electors of said city, duly certi-

fied to by the persons purporting to have circulated the same.   On
December 1, 1913, said clerk passed on the sufficiency of the
petition, and found that the same did not contain the requisite
number of signers to warrant the calling of an election as prayed,
whereupon the same was not granted.   Thereafter said Ruth
filed with said clerk a notice of appeal from his decision to the
district court of Oklahoma county and, pursuant thereto, filed
the original petition, the opinion of the clerk and all other papers
connected with the matter in said court.   On December 16, 1913,
came protestant F. J. Merrill, defendant in error, and moved
the district court to dismiss said appeal for want of jurisdiction,
which was done, whereupon petitioner brings the case here.   As
the object of the petition appears to be to order that certain
proposed laws be submitted to the voters of the city for their
approval or rejection at a special election to be held therein on
the second Tuesday in December, 1913, and, as the time for hold-
ing that election has expired, it would seem that the question
presented is hypothetical.   But let that be as it may, the district
court was without jurisdiction to pass on the sufficiency of the
petition, and for that reason did not err in dismissing the appeal.

In support of the contention that the court was vested with
jurisdiction to entertain said appeal, petitioner says that, al-
though the act of March 17, 1910 (Sess. Laws 1910, c. 66), in
effect repealed that part of section 6 of the act approved April
16, 1908 (Sess. Laws 1907-08, c. 44, art. 1), which vested the dis-
trict court with jurisdiction to entertain appeals from the action
of the city clerk in all cases where the initiative or referendum
is invoked upon matters of purely municipal concern, yet, he says,
as said section was incorporated in the city charter, adopted
March 8, 1911, the effect of the adoption was to vest the district
court with jurisdiction to entertain this appeal.   There is no
merit in this contention, for the reason that the jurisdiction of the
courts of this state is fixed by the lawmaking power of the state,
and not by the lawmaking power of any municipality therein.   It
goes without saying that when the Legislature authorized the
people of this municipality to adopt a charter and legislate therein

upon matters of purely local and municipal concern, it did not intend to, and could not, vest the municipality with power to legislate with respect to state government.

The judgment of the trial court is affirmed.

All the Justices concur, except KANE, C. J., absent, and not participating.